**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| SONYA J. ABRAMS, on behalf of herself and a class, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 1:13-cv-797 |
| vs. | ) ) |
| MIRAMED REVENUE GROUP, LLC, | ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Sonya J. Abrams brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Miramed Revenue Group, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337.

4. Venue and personal jurisdiction in this District are proper because defendant's collection communications were received by plaintiff within this District.

### PARTIES

5. Plaintiff Sonya J. Abrams is an individual who resides in Indianapolis, Indiana.

6. Defendant Miramed Revenue Group, LLC is a limited liability company chartered under Illinois law with offices at 991 Oak Creek Drive, Lombard, IL 60148, and 255 West Michigan Avenue, Jackson, MI 49201. Its registered agent and office is CT Corporation System, 208 S.

LaSalle St., Suite 814, Chicago, IL 60604, or 251 East Ohio Street, Suite 1100, Indianapolis, IN 46204.

7. Miramed Revenue Group, LLC regularly uses the mails and telephone to collect consumer debts originally owed to others, primarily medical debts.

8. Miramed Revenue Group, LLC is a debt collector under the FDCPA.

9. Miramed states on its Web site (http://www.miramedgs.com/about/profile):

> MiraMed Global Services stands as the premier global provider of business process outsourcing solutions to healthcare organizations nationwide. MiraMed partners with hospitals, health networks, physician practices and related industry service organizations to provide a broad portfolio of customizable solutions, uncover and capitalize on hidden financial opportunities, improve productivity and ultimately increase profits.
>
> The key to MiraMed's success is its unique business model that has evolved over the last twenty-five years. Under this model, MiraMed pairs healthcare industry experts with world-class processes, infrastructure and technology to deliver meaningful and measurable results. This proprietary model enables sustainable change by delivering a complete, customizable "end-to-end" solution devised to meet a client's own unique financial and organizational needs.
>
> With operations across the globe, MiraMed's expertise stretches far and runs deep, providing healthcare organizations an unparalleled reservoir of industry knowledge, creative solutions and, most importantly, measurable results. Today, MiraMed is one of the largest healthcare BPOs in the United States, employing nearly 3,000 healthcare professionals worldwide, serving more than 700 hospitals and 8,000 providers while processing in excess of $1 billion in payments annually.

## FACTS

10. Defendant Miramed Revenue Group, LLC has been attempting to collect from plaintiff Sonya J. Abrams an alleged debt consisting of multiple health care bills originated with Wishard Health Services.

11. All health care bills incurred by an individual are for personal, family or household purposes and not for business purposes.

12. On or about May 22, 2012, defendant sent plaintiff the letter attached as Exhibit A.

13. Exhibit A is filled out in a standard manner.

14. Exhibit A states that the "amount due" is $523.13 and that "If payment is not made within 30 days from the date of this letter, your accounts will accrue interest charges of 8% per

annum . . . ."

15. The reverse of Exhibit A lists a series of bills with balances totaling $500.

16. No explanation is given for the $23.13 discrepancy.

17. Either the letter is simply wrong, or it includes interest assessed prior to 30 days after the date of the letter.

## COUNT I – FDCPA

18. Plaintiff incorporates paragraphs 1-17.

19. Defendant violated 15 U.S.C. §§1692e, 1692e(2), and 1692e(10), by failing to accurately and consistently state the amount of the debt.

20. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**
>
> **(A)    the character, amount, or legal status of any debt; . . .**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

21. Pursuant to Fed. R. Civ.P. 23(a) and (b)(3), plaintiff brings this action on behalf of a class.

22. The class consists of (a) all natural persons with Indiana or Illinois addresses (b) to whom Miramed sent a letter in the form represented by Exhibit A, (c) where the "amount due" did not equal the sum of the amounts stated on the reverse, (d) on or after a date one year prior to the filing of this action, and (e) on or before a date 20 days after the filing of this action.

3

23. The class members are so numerous that joinder is impracticable. On information and belief, based on the size of defendant, there are more than 50 members of the class.

24. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

25. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

26. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

27. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

s/Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

M. Kris Kasalo
THE LAW OFFICES OF M. KRIS KASALO
20 N. Clark Street, Suite 3100
Chicago, Illinois  60602
(312) 726-6160
(312) 698-5054 (FAX)

## NOTICE OF ASSIGNMENT

   Please be advised that all rights relating to attorney's fees have been assigned to counsel.


               <u>s/Daniel A. Edelman</u>


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)